UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
BUILDERS GROUP LLC, d/b/a BUILDERS  : Civil Action No.:
GROUP TECHNOLOGIES,                 :
                                    :
           Plaintiff,             :  **ECF CASE**
                                    :
  -against-                        :
                                    :
QWEST COMMUNICATIONS                :
CORPORATION,                        :
                                    :
           Defendant.             :
                                    :
------------------------------------------------------------

07 CIV 5464



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Qwest Communications Corporation (the "Defendant" or "Qwest"), by and through its undersigned counsel, hereby gives notice of the removal of the above-entitled action, and all claims and causes of action therein, currently pending in the Supreme Court of the State of New York, County of New York (the "State Court Action") to the United States District Court for the Southern District of New York, and respectfully states as follows:

### PARTIES

1.    Qwest is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1801 California Street, Denver, Colorado.

2.    Builders Group LLC ("BG") is a limited liability company organized under the laws of the State of New York, with its principal place of business at 50 Broad Street, New York, New York 10004.

## BACKGROUND

3. On or about May 18, 2007, BG commenced the State Court Action against Qwest in the Supreme Court of the State of New York, County of New York styled as *Builders Group LLC, d/b/a Builders Group Technologies v. Qwest Communications Corp.*, by filing a complaint (the "Complaint"), which was assigned Index No. 07-601681. See attached Exhibit 1.

4. Qwest first received the Complaint by hand delivery to its registered agent for service of process in New York on May 23, 2007. This notice is being filed within thirty (30) days of Qwest's first receipt of plaintiff's complaint and thus is timely under 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), to the best of Qwest's knowledge, information and belief, true and correct copies of all documents filed to date in the State Court Action, are attached hereto as Exhibit 1.

6. As set forth below, the State Court Action relates to a contract whereby BG agreed to provide certain work, labor, services and/or materials to Qwest for a project being carried out at 60 Hudson Street, New York, New York (the "Project").

7. BG appears to claim that Qwest has breached the parties' contract by, inter alia, failing to remit certain unpaid balances due thereunder. In addition, BG alleges that Qwest engaged in some form of concealment in not remitting certain past due amounts. The contract at issue is not identified in or attached to the Complaint.

## DIVERSITY JURISDICTION

8. This is an action in which the court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and Qwest has removed this case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this civil action involves a matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. The State Court Action involves, among other things, an alleged breach of contract claim against Qwest. Although Qwest disputes BG's contention that it breached the contract, BG's Complaint pleads that there is a minimum of $148,758.93 in potential liability. (*See* Complaint ¶ 6.) Accordingly, the amount in controversy in the State Court Action exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332(a).

10. Removal under 28 U.S.C. §§ 1332 and 1441(b) is therefore proper because there is diversity of citizenship between BG and Qwest, and the amount in controversy exceeds $75,000.

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

11. Qwest first received a copy of the Complaint on May 23, 2007. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of Qwest's first receipt of the Complaint and is therefore timely.

12. For the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

13. Pursuant to 28 U.S.C. § 1446(d), Qwest will promptly file a Notice of Filing of Notice of Removal (with a copy of this Notice of Removal attached) with the Clerk of the Supreme Court of New York, County of New York and upon all counsel in this action.

**WHEREFORE,** Qwest respectfully requests that this Court (i) remove the State Court Action to this Court, and (ii) grant such other and further relief as the Court deems necessary and just.

Dated: June 8, 2007
      New York, New York

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

Stephen R. Long (SL 4501)
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100

- and -

Paul J. Labov  (PL 8111)
Drinker Biddle & Reath LLP
140 Broadway, 39th Floor
New York, New York 10005
(212) 248-3140

*Counsel for Defendant*
*Qwest Communications Corporation*

NY01/ 6009714.1