# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ X

BUILDERS GROUP LLC, d/b/a BUILDERS GROUP TECHNOLOGIES,

INDEX NO.: 07601681

Plaintiff,

**SUMMONS**

-against-

QWEST COMMUNCATIONS CORPORATION,

Plaintiff designates NEW YORK COUNTY as the place of trial.

Defendant.

------------------------------------------------------------ X

The basis of the venue is the place where plaintiff maintains an office for the conduct of business.

FILED
MAY 18 2007
NEW YORK
COUNTY CLERK'S OFFICE

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney[s] within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       May 18, 2007

MOSES & SINGER LLP

By: _____
Henry J. Bergman
*Attorneys for Plaintiff*
1301 Avenue of the Americas
New York, New York 10019
(212) 554-7800

585263v1 007568.0100



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
BUILDERS GROUP LLC, d/b/a BUILDERS GROUP
  TECHNOLOGIES,

              Index No.:

              Plaintiff,              **COMPLAINT**

       -against-

QWEST COMMUNICATIONS CORPORATION,

              Defendant.
----------------------------------------------------------------X

       Plaintiff Builders Group LLC, d/b/a Builders Group Technologies ("BG"), by its attorneys, Moses & Singer LLP, for its complaint alleges:

    1.    BG is a New York limited liability company.

    2.    Upon information and belief, defendant Qwest Communications Corporation, ("Qwest") is a Delaware corporation.

    3.    BG and Qwest entered into certain agreements (the "Contract") whereby BG agreed to provide certain work, labor, services and/or materials for a certain project (the "Project") being carried out at 60 Hudson Street, New York, New York.

    4.    BG performed all of the obligations under the Contract on its part to be performed.

    5.    Qwest breached its obligations under the Contract, including, without limitation, those requiring payment to BG, causing BG to sustain damages.

    6.    By reason of the foregoing there is due and owing to BG an amount to be determined (the "Balance Due") but which presently is believed to be not less than $148,258.93.

    7.    Qwest has failed and refuses to pay the Balance Due although due demand has been made therefor.

## SECOND CAUSE OF ACTION

8. BG repeats and realleges the preceding paragraphs 1-7.

9. BG furnished work, labor, services and/or materials for the Project.

10. At various times during and after the BG's performance of the Contract and furnishing of the aforesaid work, labor, services and materials, an account or accounts were stated to Qwest indicating balances due, which statements of account Qwest received without objection.

11. By reason of the aforesaid accounts stated, Qwest is liable to BG in an amount to be determined.

## THIRD CAUSE OF ACTION

12. BG repeats and realleges the preceding paragraphs 1-11.

13. BG performed and supplied or caused to be performed and supplied work, labor, services and/or materials at the request of Qwest.

14. Qwest knew that BG was performing and supplying or causing to be performed and supplied work, labor, services and/or materials and expected to be paid therefor and Qwest acquiesced in and accepted said work, labor, services and/or materials and received the benefit thereof.

15. The fair and reasonable value of the unpaid balance due for the aforesaid work, labor, services and/or materials is in an amount to be determined but which is believed to be not less than the Balance Due.

## FOURTH CAUSE OF ACTION

16. BG repeats and realleges the preceding paragraphs 1-15.

17. Qwest has been unjustly enriched in an amount to be determined but which is believed to be not less than the Balance Due.

### FIFTH CAUSE OF ACTION

18. BG repeats and realleges the preceding paragraphs 1-17.

19. On information and belief, Qwest contends that BG granted it a release (the "Alleged Release") from its obligations to pay the Balance Due.

20. The Alleged Release, if granted, was granted without due consideration and because BG erroneously believed, by reason of BG's (i) unilateral mistake and/or (ii) impermissible concealment, impermissible silence and/or misrepresentation on the part of Qwest, upon which BG relied, that Qwest had satisfied its obligations to pay the Balance Due.

21. The substance of the preceding paragraph was known to Qwest at the time of the purported grant of the Alleged Release.

22. By reason of the foregoing, the Alleged Release should be rescinded and/or Qwest should be precluded from asserting that it is the beneficiary thereof.

23. BG has no remedy at law.

### SIXTH CAUSE OF ACTION

24. BG repeats and realleges the preceding paragraphs 1-24.

25. In inducing BG to purportedly grant the Alleged Release, Qwest concealed, remained impermissibly silent and/or mispresented that Qwest had satisfied its obligations to pay the Balance Due.

26. The aforesaid conduct of Qwest was carried out so as to deceive and defraud BG and to induce it, in reliance thereon, to enter into the Alleged Release.

27. BG believed, by reason of the aforementioned conduct, that Qwest had satisfied its obligations to pay the Balance Due.

28. By reason of the aforesaid fraud, BG has been damaged in an amount to be determined.

29. By reason of the aforesaid fraud, BG is entitled to the rescission of the Alleged Release.

### SEVENTH CAUSE OF ACTION

30. BG repeats and realleges the preceding paragraphs 1-30.

31. Qwest's contention that BG granted the Alleged Release is incorrect and untrue.

32. BG is entitled to a declaration that Alleged Release is of no force or effect.

WHEREFORE, BG demands judgment on each of its first, second, third, fourth, and sixth causes of action in an amount to be determined; on its fifth and sixth causes of action, rescinding and setting aside the Alleged Release and/or precluding Qwest from asserting that it is the beneficiary thereof; and, on its seventh cause of action, declaring the Alleged Release to be of no force or effect, together with interest, fee costs and disbursements and such other relief as may be just.

Dated: New York, New York
        May ___, 2007

                                Yours etc.,
                                MOSES & SINGER LLP
                                By: _____
                                    Henry J. Bergman
                                Attorneys for the Defendant
                                G.F Construction Corp.
                                405 Lexington Avenue
                                New York, New York 10174
                                (212) 554-7800

585222v1  007568.0100

TO: Qwest Communications Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

and

1801 California Street
Suite 5100
Denver, CO 80202

## VERIFICATION

STATE OF NEW YORK      )
                       )SS.:
COUNTY OF NEW YORK     )

Isaac Stareshefsky, being duly sworn, deposes and says:

Deponent is secretary of Builders Group LLC, d/b/a Builders Group Technologies, a party in the within action, has read the foregoing complaint and swears that the contents of said pleadings are true and to the knowledge of deponent, except as to those matters therein stated to be alleged on information and belief and as to those matters deponent believes the same to be true.

That the reason this verification is not made by said party is that said party is not a natural person and your deponent is an officer thereof, to wit, its secretary, and that the information above is from the books and records of said entity.

_____
ISAAC STARESHEFSKY

Sworn to before me this
15th day of May 2007

_____
Notary Public

DIANA CABRANES
Notary Public, State of New York
No. 01CA6010008
Qualified in Richmond County
Commission Expires July 6, 2010

585222v1  007568.0100