UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

| | |
|---|---|
| BUILDERS GROUP LLC, d/b/a BUILDERS GROUP TECHNOLOGIES, | 1:07-cv-5464 (DAB) |
| Plaintiff, | CIVIL ACTION |
| -against- | ECF CASE |
| QWEST COMMUNICATIONS CORPORATION, | AFFIDAVIT OF STEPHEN R. LONG IN SUPPORT OF MOTION TO STAY ACTION AND COMPEL ARBITRATION |
| Defendant. | |

-------------------------------------------------------

STATE OF NEW JERSEY   )
                     ) ss.
COUNTY OF MORRIS     )

STEPHEN R. LONG, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and a partner in the law firm of Drinker Biddle & Reath LLP, attorneys for Defendant, Qwest Communications Corporation ("Qwest"). I make this affidavit in support of Qwest's motion to stay this action and to compel arbitration pursuant to 9 U.S.C. §§ 3, 4. More specifically, the purpose of this affidavit is to inform the Court of matters bearing on the current procedural status of the case that are not reflected in the docket.

2. This action was commenced by the filing of a summons and complaint in the Supreme Court of the State of New York, New York County, on May 18, 2007. Qwest removed the action to this Court on June 8, 2007. By endorsed letter-order filed on June 13, 2007, Qwest's time to respond to the Complaint was extended. By letter, dated July 12, 2007, Qwest requested a further extension of time to facilitate ongoing discussions of settlement with the consent of plaintiff's counsel. See attached Exhibit A. As of this date, the docket does not reflect a disposition by the Court of this request. Nevertheless, counsel for the parties have

agreed that plaintiff will take no steps toward a default of defendant, pending the conclusion of settlement discussions or further order of the Court.

3. On July 31, 2007, I met with plaintiff's counsel, Henry Bergman, Esq., and plaintiff's President, George Figliolia, to discuss a potential amicable resolution of the matters in dispute between the parties, including the allegations of the Complaint and Qwest's position that plaintiff's filing of the civil action was inappropriate given the parties' written agreement to submit such claims to arbitration and that, in the event settlement could not be achieved, any further formal pursuit of such claims should be in arbitration. (A true copy of the parties' Master Contract BZ980026, which contains their arbitration agreement is attached to the accompanying Affidavit of Robert Bachmeier as Exhibit B. See ¶43.)

4. During the July 31 meeting, the parties agreed that plaintiff would voluntarily dismiss the case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure to facilitate a more detailed information exchange and discussion aimed at settling the parties' differences. At the conclusion of the meeting, Mr. Bergman and I jointly telephoned this Court's Deputy Clerk, William Delaney, and left a voice message, detailing the parties' dismissal agreement and requesting guidance on how exactly to proceed.

5. On Friday August 3, 2007, I prepared and sent to Mr. Bergman a proposed Notice of Dismissal, reflecting our agreement and our message to the Clerk. A true copy of this draft Notice of Dismissal and my covering e-mail are attached to this Affidavit as Exhibit B.

6. Although I sent him several email inquiries and we traded phone calls, I received no substantive response from Mr. Bergman about his agreement to file the Notice until the afternoon of Thursday, August 9 when he sent me an email stating that he had prepared a "letter agreement" for his client to review and approve and for Qwest to sign. Thereafter, the proposed

- 3 -

letter agreement was sent to me by email after 8:30 p.m. on August 9. A true and correct copy of it is attached to this Affidavit as Exhibit C.

7. As I have informed Mr. Bergman, the proposed letter agreement is completely unacceptable to Qwest for several important reasons. First, Qwest never agreed to anything more than what the parties reported to Mr. Delaney – that plaintiff would dismiss the action without prejudice to facilitate settlement discussions. More importantly, the proposed letter agreement would vitiate the parties' agreement to arbitrate disputes such as the ones underlying this action. See Bachmeier Affidavit, Exhibit B, Section 43 at page 38. Indeed, it would legitimize plaintiff's initial filing and prioritize its potential re-filing of this lawsuit while barring Qwest from commencing any action in any forum, including an arbitration in Colorado pursuant to the parties' written agreement, until after the "final adjudication of a Re-filing" of this case. Sec. 3(d).

8. In this setting, the parties' efforts to achieve an amicable resolution are in stalemate, and Qwest's enforcement of the parties' agreement to arbitrate requires judicial intervention.

                                                s/ Stephen R. Long
                                                Stephen R. Long (SL 4501)

Sworn to before me this
23rd day of August 2007

s/ Catherine M. Oechsli
Notary Public
Commission Expires 5/19/08

# EXHIBIT A

# DrinkerBiddle&Reath
LLP

Stephen R. Long
973-549-7280
Stephen.long@dbr.com

*Law Offices*
140 Broadway
39TH Floor
New York, NY
10005-1116

212-248-3140
212-248-3141 fax
www.drinkerbiddle.com

PHILADELPHIA
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

July 12, 2007

**Via Hand Delivery**

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street
Room 2510
New York, NY  10007

Re:   Builders Group LLC d/b/a Builders Group Technologies v. Qwest Communications Corporation
      <u>Civil Action No.  07 CIV 5464 (DAB)</u>

Dear Judge Batts:

    We represent defendant, Qwest Communications Corporation, in the captioned action. By Letter-Order dated June 13, 2007 (Document No. 4), Your Honor granted the parties' initial request for an extension of time within which Qwest may respond to the Complaint to facilitate the parties' settlement discussions. We are writing today with the consent of Henry J. Bergman, Esq., counsel for plaintiff, to request a further 30-day extension of time for this same purpose. Following initial discussions and information exchanges between counsel, the parties now are scheduling a meeting to be held later this month to explore fully all issues and avenues of potential resolution of the matters in dispute. We do not anticipate seeking any further extensions of time for this purpose.

    Pursuant to the June 13, Letter Order, Qwest's response to the Complaint would otherwise be due this coming Monday, July 16. With the requested extension, the response would be due by August 15.

    We appreciate Your Honor's consideration of this request.

Respectfully,

*Stephen R. Long* (P.L.)
Stephen R. Long
(SL 4501)

cc: Henry J. Bergman, Esq. (by fax and regular mail)

*Established*
*1849*

SFNJ1 1177748v2

# EXHIBIT B

## Long, Stephen R

**From:** Long, Stephen R
**Sent:** Friday, August 03, 2007 2:14 PM
**To:** Henry Bergman (hbergman@mosessinger.com)
**Subject:** Builders Group v. Qwest

Henry,

I have not heard from the Judge Batts' deputy clerk and, if you haven't either, my guess is we never will. In the current posture, however, I think the case can and should be dismissed by your filing a Notice of Dismissal under Rule 41. Will you do this, please? I enclose a draft in a form acceptable to Qwest.

We are in the process of gathering the documents we discussed at the meeting on Tuesday. Once the Notice is filed, we should proceed with the exchange. Let me know when you expect to be ready to do this. Thanks.

Steve

Stephen R. Long | DrinkerBiddle | 500 Campus Drive | Florham Park, NJ 07932-1047 | t:973.549.7280 | f:973.360.9831 |
www.DrinkerBiddle.com

8/21/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| BUILDERS GROUP LLC, d/b/a BUILDERS GROUP TECHNOLOGIES, | CIVIL ACTION NO.: 07-civ-5464 |
| Plaintiff, | **CIVIL ACTION** |
| -against- | |
| QWEST COMMUNICATIONS CORPORATION, | **NOTICE OF DISMISSAL** |
| Defendant. | |

-----------------------------------------------------------

Pursuant to Rule 41 (a)(1)(i) of the Federal Rules of Civil Procedure, Plaintiff, Builders Group LLC, d/b/a Builders Group Technologies, hereby gives notice of the dismissal of this action without prejudice.

Dated: August ___, 2007       By:   s/ Henry J. Bergman (____)
                                    Moses & Singer LLP
                                    Attorneys for plaintiff,
                                    Builders Group LLC,
                                    d/b/a Builders Group Technologies
                                    405 Lexington Avenue
                                    New York, NY 10174
                                    (212) 554-7800

To: Stephen R. Long (SL 4501)
    Paul J. Labov (PL 8111)
    140 Broadway, 39th Floor
    New York, NY 10005
    (212) 241-3140
    Attorneys for defendant
    Qwest Communications Corporation

# EXHIBIT C

Henry J. Bergman
Direct: 212.554.7835
HBERGMAN@MOSESSINGER.COM

August 8, 2007

**VIA E-MAIL STEPHEN.LONG@DBR.COM**

Drinker, Biddle & Reath LLP
500 Campus Drive
Floral Park, New Jersey 07932-1047
Attention: Stephen R. Long

Re: Builders Group d/b/a Builders Group Technologies v. Qwest Communications Corp.
(07-CIV-5464)

Gentlemen:

By countersigning and returning to us a copy of this letter you have agreed to the following on behalf of your client, Qwest Communications Corp. ("Qwest"):

1. The parties, Qwest and our client, Builders Group LLC ("BG"), have entered into this agreement (the "Standstill Agreement"), in order to enable them to endeavor to settle the dispute set forth in BG's complaint and to act, except as may be otherwise provided for below, as if the referenced action had not been commenced.

2. The Standstill Agreement may be terminated by BG or Qwest upon notice given by any means by such party's counsel to the other party's counsel.

3. To facilitate the Standstill Agreement, BG is filing the annexed notice of voluntary dismissal without prejudice pursuant to F.R.C.P. 41(a)(1) upon Qwest's undertaking that:

(a) In the event BG hereafter commences an action of the type described in F.R.C.P. 41(d) or any similar proceeding (a "Re-filing") no costs shall be assessed against BG and in no event shall Qwest assert any claim against BG for fees, costs or disbursements in connection with this action, its discontinuance or reinstitution, by whatever means, in whatever forum.

Page two
August 8, 2007

(b)     The dismissal contemplated hereunder shall not render a subsequent notice of voluntary dismissal an adjudication on the merits pursuant to F.R.C.P. 41(a)(1).

(c)     Your firm shall accept service of process in a Re-filing, which BG may make at any time after giving notice of the termination of the Standstill Agreement.

(d)     No action in any other court or other forum shall be commenced by Qwest against BG involving in any way the issues of this action unless and until there shall have been a final adjudication of a Re-filing.

(e)     Any limitations period applicable to BG shall be tolled for the duration of the Standstill Agreement and/or the recommendation of any subsequent action or proceeding.

Very truly yours,

MOSES & SINGER LLP


By: _____
    Henry J. Bergman


Accepted and Agreed on behalf
of Qwest Communications Corp. by
Drinker, Biddle & Reath LLP



By: _____

618029v1  007568.0100