UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BUILDERS GROUP LLC, d/b/a BUILDERS
GROUP TECHNOLOGIES,

                      Plaintiff,

     -against-

QWEST COMMUNICATIONS CORPORATION,

                      Defendant.

-----------------------------------------------------------------x

Civil Action No.: 1:07-cv-5464(DAB)

ECF Case

**AFFIDAVIT OF
ISAAC STARESHEFSKY IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY AND
COMPEL ARBITRATION**

STATE OF NEW YORK   )
                               ).SS:
COUNTY OF NEW YORK )

    ISAAC STARESHEFSKY, being duly sworn, deposes and says:

    1.    I am the secretary and the chief financial officer of plaintiff Builders Group LLC, d/b/a Builders Group Technologies ("BG") and am fully familiar with the matters set forth below.

    2.    As part of my duties and responsibilities, I oversee the retention and maintenance of the books and records of BG as well as all legal matters, which include the negotiation and execution of various contracts entered into by BG.

    3.    I have examined the documents submitted by Defendant, Qwest Communications Corporation ("Qwest"), in support of its motion to stay action and compel arbitration and note that:

- The Master Contract is unsigned;

649144v3 007568.0317

- There is no affidavit by an individual with personal knowledge of the provenance of Exhibit B and C who can aver: (i) that they were sent to BG, much less duly executed, or (ii) that they even applied to the 60 Hudson Street Project as opposed to the various other Qwest projects – indeed, as set forth in the accompanying Affidavit of Scott E. Silberfein, in sworn deposition testimony in another proceeding Mr. Bachmeier denied possessing personal knowledge of the purported Master Contract;

- The Amendment to the Master Construction Agreement is unsigned (Exhibit C to the Affidavit of Robert Bachmeier);

- The purported Master Contract (Exhibit B to the Affidavit of Robert Bachmeier) is missing 36 pages (5 to37 and 41 to43); and

- There is no claim that Qwest gave the notice of demand to arbitrate that is a condition preceded to arbitration which Section 43(c) of the Master Contract (Exhibit B to the Affidavit of Robert Bachmeier).

4. I additionally note that BG performed numerous construction projects for Qwest in the1990s and early 2000s, including the 60 Hudson Street project. In fact, the instant 60 Hudson Street project commenced in November 2000 and was not completed until February 2002.

5. I authorized and conducted a thorough review of BG's records and files for the purported Master Contract. The search failed to yield either a signed version of the Master Contract or any writing similar to what Qwest has submitted. I thus cannot even speculate as to which jobs or projects the unsigned, incomplete purported Master Contract might have been intended to apply had it been accepted.

_____
Isaac Stareshefsky

Sworn to before me this
31st day of October, 2007

_____
Notary Public

SANDRA A. ROMERO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RO6160415
Qualified In New York County
My Commission Expires February 05, 2011