UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BUILDERS GROUP LLC, d/b/a BUILDERS
GROUP TECHNOLOGIES,                                   :   Civil Action No.: 1:07-cv-5464(DAB)
                                                      :
                         Plaintiff,                   :   ECF Case
                                                      :
        -against-                                     :   **AFFIDAVIT OF SCOTT E.**
                                                      :   **SILBERFEIN IN OPPOSITION TO**
QWEST COMMUNICATIONS CORPORATION,                     :   **DEFENDANT'S MOTION**
                                                      :   **TO STAY AND**
                         Defendant.                   :   **COMPEL ARBITRATION**
                                                      :
-----------------------------------------------------------------x
STATE OF NEW YORK   )
                    ).SS:
COUNTY OF NEW YORK  )

SCOTT E. SILBERFEIN, being duly sworn, deposes and says:

1.  I am associated with Moses & Singer LLP, the attorneys for Plaintiff Builders Group LLC, d/b/a Builders Group Technologies ("Plaintiff" or "BG"), and am fully familiar with the matters set forth below. I submit this affidavit in opposition to the motion of Defendant Qwest Communications Corporation ("Defendant" or "Qwest") to stay action and compel arbitration.

2.  In 2005 Moses & Singer LLP represented BG in a lawsuit in New York State Supreme Court action entitled *Hugh O'Kane Electric Co., LLC v. GJF Construction Corp. d/b/a Builders Group LLC d/b/a Builders Group Technologies and Westside Of NY Ltd.* (Index No: 603933/03) ("Hugh O'Kane action") involving the 60 Hudson Street project. In or about December 2005 Qwest was served with a subpoena duces tecum (the "Subpoena") in the Hugh

650713v2  007568.0317

O'Kane action.[1] Qwest produced as a witness Robert Bachmeier, who in this action has submitted as Exhibit B to his affidavit the purported Master Contract and the amendment thereto as the basis upon which Qwest would compel arbitration.

3. At his deposition, Mr. Bachmeier testified that: a) he was not involved with the negotiation of the contract in or about 1999 and 2000 for the 60 Hudson Street project or with the work to be performed (Bachmeier Dep., 18:25 - 19:12); and b) he first reviewed documents regarding the 60 Hudson Street project in response to the Subpoena in 2005. (Bachmeier Dep., 19:13-23).[2]

4. In addition, although Mr. Bachmeier admitted (Bachmeier Dep., 25:3-21) that more than one contract may have been involved in the 60 Hudson Street project, Qwest did not produce the Master Contract or amendment in response to the Subpoena's demand that Qwest produce "the contract(s) entered into by Qwest and [BG] with respect to the [project at 60 Hudson Street, New York, New York]." See Exhibit C, Qwest's entire response to the Subpoena.[3]

5. Qwest was aware, as far back as 2005, that BG was seeking monies related to 60 Hudson Street project. (Affidavit of Robert Bachmeier, ¶ 3). During the course of its "compliance" with the Subpoena, however, Qwest never once invoked its purported right to arbitrate BG's claims despite BG's insistence that it was owed money by Qwest.

---

[1] The subpoena and notice to take deposition served on Qwest in the Hugh O'Kane action is attached hereto as Exhibit A.
[2] I attended the deposition of Mr. Bachmeier and heard Mr. Bachmeier make the statements attributed to him. A copy of the transcript of the deposition of Mr. Bachmeier is attached hereto as Exhibit B.
[3] The production did include the Contract Order now included as Exhibit A to the Affidavit of Robert Bachmeier. This is evidenced by the bates stamp numbering on the Contract Order which is conspicuously absent from the submitted, purported Master Contract (Exhibit B to the Affidavit of Robert Bachmeier).

PROCEDURAL HISTORY

6.  As indicated above, in or about December 2005, Qwest was served with the Subpoena.

7.  BG filed its summons and complaint on or about May 18, 2007.

8.  Qwest was served with the summons and complaint on May 23, 2007.

9.  Instead of promptly moving to compel arbitration, Qwest removed the case from the Supreme Court of the State of New York on or about June 8, 2007.

10. Qwest waited two and one-half months from removal to bring its instant motion to stay the action and compel arbitration.

11. By its own admission (Affidavit of Robert Bachmeier, ¶ 3), Qwest concedes that it has waited more than two years since learning of BG's claim to invoke its purported rights to arbitration.

12. Finally, settlement discussions are not "in stalemate" as Qwest's counsel claims. (Affidavit of Stephen R. Long, ¶ 8). BG remains agreeable to dismiss or stay this proceeding pending settlement discussions provided it has the right to restore the action if the discussions fail.

WHEREFORE, BG urges this Court to deny Qwest's motion to stay action and compel arbitration.

_____
SCOTT E. SILBERFEIN

Sworn to before me this
31st day of October, 2007

_____
Notary Public

ANDREW OLIVER
NOTARY PUBLIC, State of New York
No. 02OL6109810
Qualified in Queens County
Commission Expires May 24, 2008

650713v2  007568.0317                    3