UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

| | |
|---|---|
| BUILDERS GROUP LLC, d/b/a BUILDERS GROUP TECHNOLOGIES, | : 1:07-cv-5464 (DAB) |
| Plaintiff, | : CIVIL ACTION |
| -against- | : ECF CASE |
| QWEST COMMUNICATIONS CORPORATION, | : REPLY AFFIDAVIT OF STEPHEN R. LONG IN SUPPORT OF MOTION TO STAY ACTION AND COMPEL ARBITRATION |
| Defendant. | : |

--------------------------------------------------------

STATE OF NEW JERSEY  )
                     ) ss.
COUNTY OF MORRIS     )

STEPHEN R. LONG, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and a partner in the law firm of Drinker Biddle & Reath LLP, attorneys for Defendant, Qwest Communications Corporation. ("Qwest"). I make this affidavit in support of Qwest's motion to stay this action and to compel arbitration pursuant to 9 U.S.C. §§ 3, 4 and in reply to certain points raised in plaintiff's opposition to Qwest's motion.

2. There is no real issue regarding Qwest's previous submission of only the relevant portions of the parties' Master Construction Agreement. We did so pursuant to this Court's Procedures for Electronic Case Filing, dated March 6, 2003, §5, which requires filing users to submit "only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court." And we did so with notice to the Court and counsel. See attached Exhibit 1, a true copy of my letter to the Court, dated August 24, 2007.

3. Nevertheless, plaintiff's brief argues over and over about the supposedly "incomplete" submission, implying that plaintiff does not have a copy of the entire document,

that plaintiff is handicapped in opposing the motion, that Qwest has committed some impropriety by omitting it and that the balance of the document contains material harmful to Qwest's case or helpful to plaintiff's. See Opposition Brief (hereinafter "Opp. at __") at pages 1, 2 and 5 and Point I. 3. "Completeness."

    4.    None of this is true.

    5.    Attached as Exhibit 2 is a true and correct copy of my email to plaintiff's counsel, dated October 18, 2007, by which I sent him complete copies of the Master Construction Agreement (which now appears as Exhibit 1 to the accompanying Reply Affidavit of Robert Bachmeier) and its Amendment.

    6.    Plaintiff's counsel had a true, correct and complete copy of the Master Contract – the one we had to attach as Exhibit 1 to the accompanying reply affidavit of Robert Bachmeier -- a full two weeks before plaintiff's opposition was filed.

    7.    Plaintiff's argument that Qwest waived its right to arbitration depends in large measure on the passage of time between Qwest's removal of the case on June 8, 2007 and the filing of this motion on August 24, 2007. Opp. at Point III. The argument speaks in terms of Qwest's "undeniable availment of the litigation process." Opp. at 7.

    8.    To date, Qwest has done only two things in this lawsuit: It removed the case from state court and it brought this motion. From early June through the end of July, the parties engaged in settlement communications that included a document and information exchange and that culminated in a meeting in the office of plaintiff's counsel on July 31, 2007. The Court was informed of these events as they unfolded by two letter requests, on consent, for extensions of time to file a response to the Complaint. See SDNY Electronic Docket Document No. 4 and see attached Exhibit 3.

9. During the July 31 meeting, I informed counsel for plaintiff, Henry J. Bergman, Esq., that if the parties were unable to resolve their differences amicably, Qwest's first response to the Complaint would be a motion to compel arbitration.

10. Although the parties' counsel's settlement discussions continued until about August 13, the parties were unable to reach a settlement agreement. Accordingly, On August 24, before either party had taken any other steps forward in the lawsuit, Qwest filed the pending motion to stay and compel arbitration.

s/ Stephen R. Long

Stephen R. Long (SL 4501)

Sworn to before me this
28th day of November 2007


s/ Catherine M. Oechsli
Notary Public
Commission Expires 5/19/08

# EXHIBIT 1

Case 1:07-cv-05464-DAB   Document 20   Filed 11/28/2007   Page 4 of 9

# DrinkerBiddle&Reath LLP

Stephen R. Long
973-549-7280
Stephen.long@dbr.com

Law Offices
500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

A Delaware Limited
Liability Partnership

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

August 24, 2007

**Via Hand Delivery**

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

Re:   Builders Group LLC d/b/a Builders Group Technologies v. Qwest
       Communications Corporation
       <u>Civil Action No.  07 CIV 5464 (DAB)</u>

Dear Judge Batts:

     I enclose two courtesy copies each of the Notice of Motion to Stay Action and Compel Arbitration and supporting Brief and Affidavits which we have filed electronically and served on plaintiff's counsel in this action.

     I take this opportunity to call to the Court's attention a circumstance that was omitted inadvertently from the moving papers.  Pursuant to the Court's electronic filing rules, two of the exhibits to the Affidavit of Robert Bachmeier, exhibits A and B, consist of relevant excerpts of the lengthy Contract Order and Master Contract.  The fact that these exhibits consist of excerpts rather than the entire documents is not mentioned in the moving papers.

Respectfully,

Stephen R. Long

cc: Henry J. Bergman, Esq.

Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office

Established 1849

# EXHIBIT 2

## Long, Stephen R

**From:** Long, Stephen R
**Sent:** Thursday, October 18, 2007 11:33 AM
**To:** Scott E. Silberfein
**Subject:** Builders Group v. Qwest - Copies of Master Construction Agreement and Amendment

Scott:

On Tuesday, I sent you an email asking you to state a time when we could talk about our production of the attached documents. As I told you in that email (and in the auto-reply message you received from me on Monday) I have been out of town all week, working on a tight schedule. You did not reply to my request.

I am back in the office this morning for the first time since last Thursday. In response to your previous request, I attach true copies of the parties' Master Construction Agreement and the Amendment to same, both of which are referred to in our pending motion to compel arbitration and excerpts of which are attached to the motion. In your telephone request for these copies, you informed me that your client is unable to locate copies -- signed or unsigned -- of any portions of either of these documents.

Please call me if you have any questions or if you would like to discuss this further.

Regards,

Steve

Stephen R. Long | DrinkerBiddle | 500 Campus Drive | Florham Park, NJ 07932-1047 | t:973.549.7280 | f:973.360.9831 | www.DrinkerBiddle.com

# EXHIBIT 3

# DrinkerBiddle&Reath
L L P

Stephen R. Long
973-549-7280
Stephen.long@dbr.com

*Law Offices*

140 Broadway
39TH Floor
New York, NY
10005-1116

212-248-3140
212-248-3141 fax
www.drinkerbiddle.com

PHILADELPHIA
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

July 12, 2007

**Via Hand Delivery**

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street
Room 2510
New York, NY  10007

Re:   Builders Group LLC d/b/a Builders Group Technologies v. Qwest
       Communications Corporation
       <u>Civil Action No.  07 CIV 5464 (DAB)</u>

Dear Judge Batts:

    We represent defendant, Qwest Communications Corporation, in the captioned action. By Letter-Order dated June 13, 2007 (Document No. 4), Your Honor granted the parties' initial request for an extension of time within which Qwest may respond to the Complaint to facilitate the parties' settlement discussions. We are writing today with the consent of Henry J. Bergman, Esq., counsel for plaintiff, to request a further 30-day extension of time for this same purpose. Following initial discussions and information exchanges between counsel, the parties now are scheduling a meeting to be held later this month to explore fully all issues and avenues of potential resolution of the matters in dispute. We do not anticipate seeking any further extensions of time for this purpose.

    Pursuant to the June 13, Letter Order, Qwest's response to the Complaint would otherwise be due this coming Monday, July 16. With the requested extension, the response would be due by August 15.

    We appreciate Your Honor's consideration of this request.

Respectfully,

*Stephen R. Long* (P.L.)

Stephen R. Long
(SL 4501)

cc: Henry J. Bergman, Esq. (by fax and regular mail)

*Established*
*1849*

SFNJ1 1177748v2